United States District Court
Southern District of Texas
**ENTERED**
November 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Jane Doe, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-19-4112 |
| Macquarie Investment Management Advisers, | § § § § | |
| Defendant. | § | |

## Order on Anonymity, Surplusage, and Jurisdiction

1. By Monday, November 18, 2019, Jane Doe must identify herself by an amended complaint.

2. After she has published her name, she may move to have it sealed.

3. When a person confides her dispute to the court, she voluntarily invokes the public administration of justice. Anonymity must only be resorted to when some articulate, pressing danger to the plaintiff outweighs the public's right to open judicial proceedings.[1]

   This rule "was devised so that no one should readily leap to an accusation since he knows that his accusation will not be brought without risk to himself."[2] Doe's idea that she may remain anonymous while she breaches

---

[1] Southern Methodist University Ass. of Women Law Students v. Wynne & Jaffe 599 F 2.d 707, 712-13 (5th Circuit 1979).

[2] Ulpian, *Duties of Proconsul*, book 7 in The Digest of Justinian, Vol. 4, 311 (Alan Watson ed., 1998).

her contract for confidentiality and smears Macquarie Investment Management Advisers with unsupported allegations is wholly reprehensible and intellectually irresponsible.[3]

- A. Doe and Macquarie agreed to arbitrate their disagreement *confidentially*. By suing, Doe published both the nature and identity of the defendant and the secret incidents while wanting to keep her identity secret.

- B. Doe contends she had to include the lurid accusations in the complaint to give the court jurisdiction. The court had jurisdiction from the (a) diversity of the parties and (b) her pleading for more than $75,000. She had absolutely no need to include that she imagines the ratio of staff is imbalanced or that Macquarie is hostile to women generally.

- C. Doe has given no responsible reason for her name to remain secret. The complaint is unprincipled and unnecessary – a low smear of Macquarie.

5. If Jane Doe does not use her name, Macquarie must file it by noon on Wednesday, November 20, 2019.

6. Paragraphs 10 through 21 in the complaint are struck.

---

[3] The Venetian Republic required informers to slip the specifics of their assertion into the Bocca di Leone – a drop box maintained by the government. The informer and two witnesses had to sign it. Anonymous complaints were ignored. "[T]hose who possessed . . . some grievance or complaint with which from motives of personal security they did not wish to have their names publicly associated, could slip a paper specifying the circumstances, and signed by the informer and at least two reputable witnesses to his bona fide." W. Carew Hazlitt, *The Venetian Republic* 543 (London: Adam and Charles Black, eds.,1900).

7. What remains is a plea for judicial intervention in the midst of an arbitration. This court has no jurisdiction over the mechanics of the arbitration while it continues.[4] Doe's objection to the arbitrator must be decided by the American Arbitration Association, not the district court. The court's role in this arbitration is limited to deciding the existence of an agreement to arbitrate and enforcing the agreement.

8. By November 22, 2019, Macquarie must file its costs associated with responding to this complaint. By November 29, 2019, Doe must reimburse Macquarie for its cost to respond to her malicious, wasteful pleading. (8)

9. After Doe responds using her name and pays the sanction, this case will be dismissed.

Signed on November __15__, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] 9 U.S.C. §4 (1999); United Steelworkers of Am. v. Am. Mfg. Co., 363 U.S. 564, 567-68 (1960); Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co., 304 F.3d 476, 486-87 (5th Cir. 2002).